The **FEDERAL LAND BANK**
**OF COLUMBIA**

v.

**Gloria Piper COTTON.**

Civ. A. Nos. C75–1807A, C75–1808A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Dec. 22, 1975.

Jones Webb, of Webb, Fowler & Tanner, Lawrenceville, Ga., for plaintiff.

Edgar A. Neely, III, and Wm. F. Welch, of Neely & Player, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, Chief Judge.

These are both actions brought by plaintiff to foreclose against defendant upon a mortgage because of defendant's alleged failure to pay the indebtedness due on a promissory note. The defendant has petitioned for removal from the Superior Court for Gwinnett County and the plaintiff seeks to remand the cases because of this court's lack of subject-matter jurisdiction. For the purpose of plaintiff's motion to remand, the parties have consented to consolidate the two cases.

█ In order for these cases to be removed to federal court, defendant must demonstrate that plaintiff's claim is either one based on diversity jurisdiction, or one arising under the Constitution, treaties or laws of the United States, 28 U.S.C. §§ 1441(a), (b), 1331(a), 1332.[1] The defendant claims that this action arises under the laws of the United States because the plaintiff is a federally-chartered corporation, formed pursuant to § 1.3 *et seq.,* of the Federal Farm Loan Act, 12 U.S.C. § 2011 *et seq.* The problem with defendant's reasoning, however, is that Congress has specifically declared that federally-chartered corporations cannot sue or be sued in federal court *merely because* they are federally chartered, unless the United States government owns 51% of the capital stock, 28 U.S.C. § 1349. The purpose of this section is to prevent a flood of cases reaching the federal courts merely be-

cause one of the parties was created by an act of Congress. However, if a complaint alleges violation of the regulatory guidelines governing such organizations, the action can be brought in federal court, *Murphy v. Colonial Federal Savings & Loan Ass'n.,* 388 F.2d 609, 611–612 (2d Cir. 1967), *Gibson v. First Federal Savings & Loan Ass'n.,* 364 F.Supp. 614, 616, 617 (E.D.Mich.1973), *aff'd* 504 F.2d 826 (6th Cir. 1974). It is obvious that plaintiff's complaint in either action here does not raise any issue pertaining to the regulatory structure of the Farm Credit System, 12 U.S.C. § 2001 *et seq.* Rather, plaintiff is merely seeking to enforce a contract right pursuant to the laws of Georgia.

█ The defendant argues, that in enacting the Federal Farm Loan Act, Congress sought to extend the jurisdiction of the federal courts to all legal actions involving land banks. Defendant divines this intention from 12 U.S.C. § 2258 of the Act which stipulates that

" * * * No district court of the United States shall have jurisdiction of any action or suit by or against any production credit association upon the ground that it was incorporated under this Chapter or prior Federal law, or that the United States owns any stock thereof . . . ."

The defendant argues that since the section mentioned production credit associations, but failed to mention land banks, it was the congressional intent to allow suits by or against land banks to be brought in federal court regardless of the nature of the complaint. This theory might be plausible if § 1349 had not been enacted; however, such a tenuous finding of intent by omission cannot withstand a contrary intent explicitly stated in another statute. Moreover,

---

1. Defendant does not contend, nor could she, that a defense or counterclaim raising a federal question is sufficient to confer subject-matter jurisdiction upon this court, since the federal question must be raised, either implicitly or explicitly, by the plaintiff's complaint. *See Board of Education v. AFSCME,* 401 F.Supp. 687 (N.D.Ga.1975), *Milligan v. Milligan,* 484

F.2d 446 (8th Cir. 1973), *Denver Union Stock Yard Co. v. Litvak Meat Co.,* 295 F.Supp. 809 (D.C.Col.1968). Therefore, defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action.

§ 2258 goes beyond § 1349 in that it denies subject-matter jurisdiction to federal courts even when such jurisdiction might be based on majority stock ownership by the federal government. Thus, § 2258 may only have been intended to further restrict federal jurisdiction over production credit associations.

■ Although apparently unaware of the very existence of 28 U.S.C. § 1349, defendant further seeks to avoid its application by claiming that the plaintiff is an agency of the federal government. If the plaintiff were indeed such an agency, this court would arguably have jurisdiction over the action, 28 U.S.C. § 1345. But the plaintiff obviously is not an agency within the meaning of Title 28 of the United States Code. If plaintiff were considered an agency merely because it was chartered and regulated by the federal government, § 1349 would be rendered meaningless. But when 28 U.S.C. § 451,[2] defining the term "agency", and § 1349 are read together, it is clear that a federally-chartered corporation is not an "agency" unless the government has a substantial proprietary interest in it, or at least exercises considerable control over operation and policy in the corporation. *See, e. g., Acron Investments, Inc. v. Federal Savings & Loan Ins. Corp.,* 363 F.2d 236 (9th Cir. 1966), *cert. den.* 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966), where the court found the FSLIC to be an agency within the meaning of Title 28, even though the government did not own 51% of the stock, because (1) the government had owned all of the outstanding stock before all the stock was retired, and (2) the corporation was referred to as an agency in statutes outside of Title 28. The plaintiff bank, on the other hand, was obviously meant to be a private, rather than governmental, corporation which would merely be subject to various federal regulations, 12 U.S.C. §§ 2001(a), 2011, 2012.

2. Title 28, section 451, of the United States Code provides that the term "agency" "includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any

Since this court has no subject-matter jurisdiction over plaintiff's claim, plaintiff's motion for remand to state court is hereby GRANTED, 28 U.S.C. § 1447(c).

corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense."