The FEDERAL LAND BANK OF ST. LOUIS, a corporation, Plaintiff,

v.

Allen N. KEISER; Carol A. Keiser; the United States of America, acting Through the Farmers Home Administration, United States Department of Agriculture; the First National Bank of Litchfield, a National Banking Association, Trace Petroleum and Unknown Owners, Defendants.

No. 84–3427.

United States District Court,
C.D. Illinois,
Springfield Division.

Feb. 14, 1986.

John E. Evans, Hillsboro, Ill., J. Patrick Joyce, Springfield, Ill., for plaintiff.

Allen N. Keiser, Raymond, Ill., Francis L. Ruppert, Clayton, Mo., for defendants.

## OPINION AND ORDER

MILLS, District Judge:

Defendants' arguments for federal jurisdiction are specious.

The case is remanded to state court.

The matter presently before the Court is a motion by the Federal Land Bank for remand to the Circuit Court for the Fourth Judicial Circuit of Illinois at Hillsboro.

The bank brought a mortgage foreclosure suit under Ill.Rev.Stat., Ch. 110, par. 15–101 et seq., in the state circuit court, and the Defendants have removed that case here, claiming that there is original federal question jurisdiction under 28 U.S.C. § 1331, which may be removed to the district court under 28 U.S.C. § 1441(b). No other grounds are alleged to exist for original jurisdiction here, such as diversity.

I

The nonfederal defendant is trying to "boot strap" his way here by the use of the Plaintiff's federal status. The defendant has no standing to do this. The federal Plaintiff could have chosen the federal forum, which was provided for its protection from local prejudice. They have not chosen to avail themselves of this and since they are bringing the action they may choose the forum by "determining the theory of the action, and so long as fraud is not involved, [they] may defeat removal to the federal courts by avoiding .allegations which provide a basis for the assertion of federal jurisdiction." *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir.1976).

In general, to remove a case from state court to a United States district court the defendant must establish at least two requisites: that "the action was properly commenced in the state court, and that it could have been originally commenced in federal court." *Nuclear Engineering Co. v. Scott*, 660 F.2d 241, 248 (7th Cir.1981). "Removal is proper where the real nature of the claim asserted in the complaint is federal, whether or not so characterized by the Plaintiff." *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976). Furthermore, "A federal law, statute, or question, a right or immunity created by the Constitution or ... law of the United States must be an element, and an essential one, of the Plaintiff's cause of action ... *i.e.* ..., the federal nature of the claim must be a basic issue in the case." *Id.* These cases are cited with approval in *People of the State of Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 575 (7th Cir.1982), where the court went on to say, "a federal question must appear on the face of the complaint ... [and] a defendant's assertion of an issue of federal law in the pleadings or in the petition for removal does not create a federal question. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 [94 S.Ct. 1002, 1003–04, 39 L.Ed.2d 209] (1974)."

Also, "the removal statute should be construed narrowly and against removal, *see Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 108 [61 S.Ct. 868, 872, 85 L.Ed. 1214] (1941)," *Kerr-McGee Chemical Corp.*, 677 F.2d at 576.

## II

More specifically—and most pertinent to the case at hand—is the case of *The Federal Land Bank of Columbia v. Cotton*, 410 F.Supp. 169 (N.D.Ga.1975). This case was initiated by the Federal Land Bank against defendant Cotton in the Georgia state court to foreclose upon a mortgage because the defendant Cotton had defaulted on a promissory note. The defendant had attempted to remove the case to the United States District Court, using the same arguments that are found in the case before the court, but to no avail.

Cotton argued that the case arose under the laws of the United States because the plaintiff is a federally chartered corporation formed under the Federal Farm Loan Act, 12 U.S.C. § 2011 *et seq.* [sic]. The court noted that due to 28 U.S.C. § 1349,[1] "corporations organized under federal law as [a] party," "federally-chartered corporations cannot sue or be sued in federal court *merely because* they are federally chartered, unless the United States government owns 51% of the capital stock." (Emphasis the court's.) *Cotton* at 170. The only way this case could be removed is for the Plaintiff to allege a "violation of the regulatory guidelines governing such organizations." *Id.* The court noted in *Cotton* (and the same is true here) that "plaintiff is merely seeking to enforce a contract right pursuant to the laws of the State." *Id.*

The Defendant before us, and the one in *Cotton*, argue that the federal land banks were agencies of the federal government and so removal would be proper under 28 U.S.C. § 1345. That section of the Code states: "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress." However, the term Agency is defined at 28 U.S.C. § 451 and states in

part: "The term 'agency' includes ... any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." The court in *Cotton* read this section in tandem with § 1349, *supra*, and found that a federally chartered corporation could not be an "agency" "unless the government has a substantial proprietory interest in the corporation or exercised considerable control over operation and policy of the corporation." *Cotton* at 171.

For the purposes of comparison, the defendant in *Cotton* and the Defendant here wish to compare the Federal Savings and Loan Insurance Corporation (FSLIC) with the federal land banks because FSLICs have been found to be "agencies" of the federal government and so there is original federal jurisdiction in all cases involving them. The court in *Cotton* found that federal land banks were "obviously meant to be a private, rather than governmental, corporation which" is merely subject to various federal regulations. 12 U.S.C. § 2001(a), *et seq.; Cotton, id.* 171. Thus, the court in *Cotton* held that there was no subject matter jurisdiction and allowed the remand.

When we look to 12 U.S.C. § 2011 "Establishment; Title; Branches," [of Federal Land Banks] the first sentence declares in part that "Federal land banks ... shall continue as federally chartered *instrumentalities* of the United States," (emphasis ours). Further, that the Farm Credit Administration may modify their charters consistent with 12 U.S.C. § 2001 *et seq.* Specifically, at § 2012 in the preamble, it states that Farm Credit Administration shall supervise the Federal Land Banks, and at § 2012(19), the Federal Land Banks shall, "Perform any function delegated to it by the Farm Credit Administration." The Farm Credit Administration is expressly

1. "§ 1349. Corporation organized under federal law as party.

The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or

under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock. June 25, 1948, C. 646, 62 Stat. 934."

made "an independent agency of the executive branch of the Government," 12 U.S.C. § 2241. It appears, and Defendant relies on the fact, that the Federal Land Bank is an instrumentality of an agency of the U.S. Government. But this has no bearing on jurisdiction. Also, 31 U.S.C. § 9101(2)(F) defines federal land banks as "mixed ownership" corporations, whereas at § 9101(3)(E) FSLICs are listed as a "wholly owned government corporation." Thus, the dichotomy between the two is *strengthened*, contrary to what Defendant argues. Moreover, this section says nothing about original federal jurisdiction.

There are also several differences in wording of the two statutes that form these two corporations (federal land banks and FSLICs). The statute that forms federal land banks, 12 U.S.C. § 1021, does not rule out the applicability of other statutes that may effect its status as a federal instrumentality, such as § 1349. Furthermore, the statute that pertains to the bank's ability to be sued, § 2033(4), only states that it can "sue or be sued," but spells out no specific designation where these suits can be brought.

The statute that governs the "jurisdiction and enforcement" of FSLICs, 12 U.S.C. § 1730(k)(1) is very explicit, and it limits and mandates where jurisdiction will be for FSLICs. Section 1730(k)(1)(A) begins, "Notwithstanding any provision of law the corporation shall be deemed to be an agency of the United States within the meaning of section 451 of Title 28 ..." Therefore, § 1349, *supra*, would not apply to take FSLICs out of the district court. Furthermore, section 1730(k)(1)(B) states that, "any civil action, suit or proceeding to which the corporation shall be party shall be deemed to arise under the laws of the United States and the United States district courts shall have original jurisdiction thereof ..." This section and section 1730(k)(2) continue on in detail to enumerate all of the situations in which there is original federal jurisdiction. (One such clause allows jurisdiction without regard to the amount in controversy.)

Thus, there are palatable reasons why any analogy between Federal Land Banks and FSLICs and their amenability to district court jurisdiction is mistaken. FSLICs have expressly been given exclusive jurisdiction whereas the Federal Land Banks are only allowed "to sue or be sued," subject to the normal rules that govern federal jurisdiction.

Furthermore, the land bank alleges that its capital stock is not held by the federal government. Thus, section 1349 should make the bank a private corporation. This allegation must be true as the statute that controls the bank's ability to issue stock, 12 U.S.C. § 2013,[2] mandates who may hold that stock. Voting stock is held by federal land bank associates (made up of borrowers from federal land banks, 12 U.S.C. §§ 2031, 2034),[3] agents of borrowers and

2. "§ 2013. Land bank stock.

(b) Voting stock of each bank shall be held only by the Federal land bank associations and direct borrowers and borrowers through agents who are farmers or ranchers, which stock shall not be transferred, pledged, or hypothecated except as authorized pursuant to this chapter.

\* \* \* \* \* \*

(d) Nonvoting stock may be issued to the Governor of the Farm Credit Administration, and may also be issued to Federal land bank associations in amounts which will permit the bank to extend financial assistance to eligible persons other than farmers or ranchers. Participation certificates with a face value of $5 each may be issued in lieu of nonvoting stock when the bylaws of the bank so provide.

(e) Dividends shall not be payable on any stock held by the Governor of the Farm Credit

Administration. Non-cumulative dividends may be payable on other stock and participation certificates of the bank. The rate of dividends may be different between different classes and issues of stock and participation certificates on the basis of the comparative contributions of the holders thereof to the capital or earnings of the bank by such classes and issues, but otherwise dividends shall be without preference."

3. "§ 2031. Organizations; articles; charters; powers of Governor.

Each Federal land bank association chartered under section 7 of the Federal Farm Loan Act, as amended, shall continue as a federally chartered instrumentality of the United States. A *Federal land bank association* may be organized by any group of *ten or more persons desiring to borrow money* from a Federal land bank, in-

borrowers. Nonvoting stock may be issued to the governor of the Farm Credit Administration. Dividends can only be paid to voting stockholders. Thus, if the bank is abiding by the statute only the associations of private citizen borrowers hold the stock, and section 28 U.S.C. § 1349 would make the land bank subject to the regular rules governing the jurisdiction of civil cases in the federal courts.

### III

But, even if we assume—*arguendo*—that *Cotton* is wrong, there is still no basis for removal because the subject matter of this cause before us is the validity of the mortgage contract as construed by state law. The district court, due to 28 U.S.C. § 1349, does not have original subject matter jurisdiction over such a suit, nor is there any other ground (such as diversity) that would establish jurisdiction. Section 28 U.S.C. § 1441(a) therefore is inapplicable. Section 1441(b) of 28 U.S.C. allows removal if the district court has original jurisdiction by virtue of the claim or right "arising under" the constitution, treaties or laws of the United States. As stated above, this claim arises under Illinois law, not federal, and the bank is making no constitutional claims. Furthermore, the last sentence of § 1441(b) would preclude the Defendant's removal entirely: "Any other such action shall be removable only if *none* of the parties in interest and properly joined and served as defendants is a citizen of the state in which such action is brought." (Emphasis ours.) Defendant Keiser and all the other Defendants but one—Trace Petroleum of Hazelwood, Missouri—are residents of Illinois.

Since there is no claim upon which the original jurisdiction of this Court can rest, the case must be remanded to the Illinois circuit court.

cluding persons to whom the Federal land bank has made a loan directly or through an *agent* and has taken as security real estate located in the territory proposed to be served by the association." (emphasis ours)

"§ 2034. Association stock; value of shares; voting.

### IV

The Defendant raises other federal issues which are defenses. A fifth amendment due process denial is raised and there is an allegation that the Plaintiff has violated the RICO Act, 18 U.S.C. § 1964(c), for which there seems to be absolutely no basis. These defenses are raised in the hope that they may raise a federal question by which to base removal. There is no question that this is erroneous. As early as 1894 it was established in *Tennessee v. Union and Planter's Bank, et al.*, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511 (1894), "that the right of the plaintiff to sue cannot depend on the defense which the defendant may choose to set up. His right to sue is anterior to that defense, and must depend on the state of things when the action was brought." *Id.* at 459, 14 S.Ct. at 655. Furthermore,

> a cause cannot be removed from a state court simply because, in the progress of the litigation, it may become necessary to give a construction to the Constitution or laws of the United States ..., whether a party claims a right under the Constitution ... is to be ascertained by the legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party.

*Id.* at 460, 14 S.Ct. at 656.

In *Franchise Tax Board of the State of California v. Construction Laborers' Vacation Trust for Southern California*, 463 U.S. 1, 103 S.Ct. 2841, 2847, 77 L.Ed.2d 420 (1983), the Court said that this rule, which has become known as the "well pleaded complaint" rule, is still in full force and effect, and further opined that "for better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *Plaintiff's* complaint es-

(a) The shares of stock in each Federal land bank association shall have a par value of $5 each. No person but borrowers from the bank shall become members and stockholders of the association."

tablishes that the case 'arises under' federal law." *Id.* 103 S.Ct. 2846. And, "since 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense ..., even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." 103 S.Ct. 2848. This case emphasizes the impossibility of defendant Keiser's position and the fact that we can only remand this case to the circuit court.

Therefore, it is ORDERED that this case be REMANDED to the Circuit Court for the Fourth Judicial Circuit of Illinois in Hillsboro, Montgomery County, Illinois, along with all costs, fees, and disbursements INCURRED, because this court lacks original jurisdiction over the cause, and the Plaintiff has chosen the state court as its forum.