**James L. FRANKLIN and Mildred A. Franklin, Plaintiffs,**

v.

**The FEDERAL LAND BANK OF ST. LOUIS, et al., Defendants.**

Misc. No. 89–W–011–1.
Bankruptcy No. 88–03932–1–12.
Adv. No. 88–0685–1–12.

United States District Court,
W.D. Missouri, W.D.

March 7, 1989.

Eugene J. Feldhausen, Kansas City, Mo., for plaintiffs.

John Stonitsch, Trustee, Kansas City, Mo.

Jay Selanders, Daniel Phillips, Kansas City, Mo., for defendants.

ORDER

WHIPPLE, District Judge.

Before the court is a report and recommendation issued by the Honorable Karen M. See, United States Bankruptcy Judge, on January 13, 1989. In the report, Judge See notes this action is limited to matters of state law concerning foreclosure and fraudulent conveyance. Judge See recommends that, absent a significant federal question, this action should be litigated in the Circuit Court of Saline County, Missouri, where it originated. On January 26, 1989, the defendant bank filed objections to the report and recommendation, urging that this court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will adopt Judge See's recommendation. For lack of jurisdiction, this court will be unable to entertain this lawsuit.

### I. *Statement of the Case*

Plaintiffs filed their two-count petition in the Circuit Court of Saline County, Missouri, on November 11, 1987, naming the Federal Land Bank of St. Louis and Donald S. Huff, a substitute trustee, as defen-

dants. The case was assigned number CV487–283.

Plaintiffs allege that, on May 13, 1982, they delivered to the bank a promissory note in the principal amount of $428,100, secured by a deed of trust on plaintiffs' farm property. Plaintiffs further allege that the defendant trustee, acting for the bank, tried to foreclose the deed of trust on November 18, 1986. Plaintiffs claim that they had improper and inadequate notice and demand, so the foreclosure is void. Plaintiffs assert the bank failed to follow its own procedures and thus deprived plaintiffs of procedural due process in violation of 12 U.S.C. §§ 2001 *et seq.*, 12 C.F.R. Part 600 *et seq.*, and the Fifth Amendment to the United States Constitution. Plaintiffs further allege failure to comply with the provisions of Mo.Rev.Stat. §§ 443.310 and 443.320. In Count I plaintiffs seek vacation of the foreclosure. In Count II plaintiffs seek an accounting for the proceeds of the property sale.

On December 18, 1987, defendants filed their joint answer, counterclaims and motion to join additional parties. Counterclaim Count I seeks a deficiency on the promissory note, and counterclaim Count II alleges fraudulent conveyance. On January 7, 1988, defendants filed their first interrogatories, request for admissions and request for production of documents. On January 22, 1988, plaintiffs filed their joint response to Count I of defendants' counterclaim, and filed a motion to dismiss Count II of the counterclaim.

At a hearing on March 4, 1988, the circuit court considered the defendants' motion to join additional parties and plaintiffs' motion to dismiss Count II of the counterclaim. Plaintiffs responded on March 7, 1988, to all discovery propounded to them. On March 18, 1988, the circuit court granted leave to join additional parties defendant and denied plaintiffs' motion to dismiss.

Defendants filed a joint answer and the bank's amended counterclaim in circuit court on March 31, 1988. Plaintiffs filed a voluntary petition for relief under Chapter 12, Title 11, United States Code, on September 9, 1988, in the United States Bankrupt-

cy Court for the Western District of Missouri. The case was assigned number 88–03932–1–12.

On October 24, 1988, the defendant bank, a creditor of plaintiffs, filed an application for removal of the civil suit from the circuit court of Saline County. The application states that jurisdiction was proper pursuant to 28 U.S.C. §§ 157(c) and 1334(b), in that the proceeding was related to a case arising under the Bankruptcy Code. The application further states removal was appropriate under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027 in that this court is the district court for the district in which the civil action was pending. The defendant bank filed a bond to assure payment of costs incurred by the removal, if this action were determined not to be removable or is improperly removed. The removed action was assigned adversary case number 88–0685–1–12.

The underlying bankruptcy case was dismissed with prejudice by Judge See on November 3, 1988. On December 14, 1988, a motion was filed to withdraw the reference to the bankruptcy court of the removed civil action. The bankruptcy court granted the motion to withdraw reference. On January 13, 1989, the bankruptcy court issued its report and recommendation. The report concludes:

Upon review of the file in this adversary action, it appears the dispute between the parties is limited to matters of state law concerning issues of foreclosure and fraudulent conveyance. Absent the bankruptcy case, there seems to be no significant federal question. Accordingly, it is the recommendation of the Bankruptcy Court that the District Court return this case to the Circuit Court of Saline County.

\*    \*    \*    \*    \*    \*

In its objection, the bank urges that the bankruptcy court misconstrued the nature of the underlying causes of action. The bank asserts that this court has independent jurisdiction pursuant to 28 U.S.C. § 1331, which vests jurisdiction of cases arising under the Constitution, laws or treaties of the United States. The bank

notes that plaintiffs have raised issues in their petition regarding alleged violations of 12 U.S.C. §§ 2001 *et seq.*, 12 C.F.R. Part 600 *et seq.*, and the Fifth Amendment of the United States Constitution. Consequently, the bank requests the rejection of the bankruptcy court's recommendation, withdrawal of reference to the bankruptcy court, and retention of jurisdiction by this court.

## II. *Discussion*

The issue here is whether there is a substantial federal question here to provide jurisdiction under 28 U.S.C. § 1331. As explained below, this court believes the matter here does not present a sufficient federal question to permit jurisdiction.

Under 28 U.S.C. § 1452(a), a party may remove a cause of action to the district court for the district in which the civil action is pending if such district court has jurisdiction under 28 U.S.C. § 1334. Section 1334(b) provides that the district courts shall have original but not exclusive jurisdiction over all civil proceedings arising under Title 11 (the Bankruptcy Code), or arising in or related to a case under Title 11. Section 1452(b) provides that the court to which a cause of action is removed may remand the action, and that an order remanding is not reviewable by appeal.

Under 28 U.S.C. § 1478(a), a party may remove a cause of action to the bankruptcy court if the bankruptcy courts have jurisdiction over such cause of action. Bankruptcy Rule 9027 sets forth the mechanics for removing a cause of action to bankruptcy court. Section 1478(b) provides that the bankruptcy court to which an action is removed may remand, and that an order remanding is not reviewable by appeal.

Assuming (without deciding) the removal was proper while plaintiffs' bankruptcy petition was pending, jurisdiction under these statutes vanished when the predicate bankruptcy case was dismissed with prejudice. The bank tacitly concedes as much by relying solely on 28 U.S.C. § 1331 as a jurisdictional basis in its objection to the bankruptcy judge's report and recommendation. The bank's position is that a federal question arises from plaintiffs' claim of violations of 12 U.S.C. §§ 2001 *et seq.*, 12 C.F.R. Part 600 *et seq.*, and the procedural due process guarantee of the Fifth Amendment.

Chapter 23 of Title 12, United States Code, begins with Section 2001. Chapter 23 provides for the establishment and regulation of the various lending agencies, including federal land bank associations, in the Farm Credit System. They are chartered by and subject to the supervision of the Farm Credit Administration. See 12 U.S.C. § 2002. Regulations contained in 12 C.F.R. Part 600 *et seq.* are promulgated under Chapter 23.

The jurisdictional question presented here was considered in *LPR Land Holdings v. Federal Land Bank of St. Paul,* 651 F.Supp. 287 (E.D.Mich.1987). The plaintiffs in that case, at 290–91, relied upon *Schlake v. Beatrice Production Credit Ass'n,* 596 F.2d 278 (8th Cir.1979), for the proposition that the United States District Court had jurisdiction. Regarding jurisdiction, both cases concerned the effects of the pervasive regulation of land banks and the impact of procedural due process claims under the Fifth Amendment. Jurisdiction was found lacking in *LPR Land,* even though the jurisdiction was upheld in *Schlake.*

In *LPR Land, supra,* 651 F.Supp. at 288, plaintiffs invoked federal-question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiffs alleged a procedural due process violation and two pendent state claims, all based upon defendant Federal Land Bank of Saint Paul's failure to honor plaintiff's written right of first refusal to purchase five tracts of real estate. The court addressed the due-process issue at 289:

\*     \*     \*     \*     \*     \*

[A] fifth amendment due process claim cannot be maintained without implicating federal governmental action. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). The established rule is that the provisions of the federal due process clause are inhibitions upon the power of government and its agencies rather than upon the free-

dom of action of private persons. *Public Utilities Comm'n v. Pollack*, 343 U.S. 451, 461–62, 72 S.Ct. 813, 820, 96 L.Ed. 1068 (1952).

To implicate governmental action, plaintiffs allege that the Bank is an "instrumentality of the federal government." Because it is plaintiffs who have invoked the jurisdiction of the Court, they have the burden of affirmatively alleging and establishing the existence of such jurisdiction. J. Moore, *Moore's Federal Practice* ¶ 0.60[3], [4] at 621, 627 (1986). Under Article III of the Constitution, federal courts are courts of limited jurisdiction; thus "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action" unless jurisdiction is established. *See* Fed.R.Civ.P. 12(h).

The issue therefore becomes whether alleging that the Bank is an "instrumentality of the United States" sufficiently implicates governmental action for purposes of the due process clause, such that it is clear that the court has jurisdiction to proceed with the due process cause of action. By claiming that federal land banks are "instrumentalities of the United States," plaintiffs are undoubtedly referring to the federal statute which established the banks. 12 U.S.C. § 2011, the statute in question, actually states that the land banks are "federally chartered instrumentalities of the United States." As such, each land bank is a federal corporation. *Id.*, §§ 2001 et seq. The court found, however, that the bank's status as a "federally chartered instrumentality" did not automatically confer federal jurisdiction. The Court said, at 290:

One basis for arguing that the actions of the Bank's agents are tantamount to government action is the fact that the Bank is incorporated pursuant to an Act of Congress. However, 28 U.S.C. § 1349 states:

The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.

Plaintiffs have not alleged that the United States owns more than one-half of the Bank's capital stock and, indeed, could not do so. Congress has expressly declared that the Farm Credit System, which includes the system of federal land banks, be a farmer-owned cooperative. 12 U.S.C. § 2001. The objective of 12 U.S.C. §§ 2001 *et seq.* is to "encourage farmer- and rancher-borrowers participation in the management, control, and ownership of a permanent system of credit for agriculture...." *Id.* If the Bank is abiding by the statute, the voting stock of each bank will be held predominantly, if not completely, by private citizen-borrowers. *See* 12 U.S.C. §§ 2013(b), 2031, 2034. Therefore, 28 U.S.C. 1349 renders the Bank subject to the regular rules governing jurisdiction of civil cases in federal court. *Accord, DeLaigle v. Federal Land Bank of Columbia*, 568 F.Supp. 1432 (S.D.Ga.1983).

The court also rejected, at 291, jurisdiction based on a theory that the land bank might be considered a federal agency, as defined in 28 U.S.C. § 451. The court cited *Federal Land Bank of Columbia v. Cotton*, 410 F.Supp. 169, 171 (N.D.Ga.1975), saying that if a land bank were considered a federal agency merely because it was chartered and regulated by the federal government, 28 U.S.C. § 1349 would be rendered meaningless. In *Federal Land Bank of Columbia*, at 171, the court said a federally chartered corporation is not an "agency" unless the government has a substantial proprietary interest in it, or at least exercises considerable control over its operations and policies. *Accord, Federal Land Bank of St. Louis v. Keiser*, 628 F.Supp. 769, 711 (C.D.Ill.1986). In *Federal Land Bank of Columbia v. Cotton, supra*, at 171, the court also said land banks were "obviously meant to be private, rather than government corporation[s] which would merely be subject to various federal regulations."

In at least two instances, district courts have rejected jurisdiction when confronted with whether actions of agents of land

banks or their affiliates (production credit associations) constitute sufficient governmental action for purposes of the Fifth Amendment "due-process" or "taking" clauses. *See DeLaigle, supra,* 568 F.Supp. at 1439 (due process clause) and *Birbeck v. Southern New England Production Credit Ass'n,* 606 F.Supp. 1030, 1035 (D.Conn. 1985) (taking clause). The *DeLaigle* Court said straightforwardly, at 1439:

> The Court concludes that the admittedly heavy regulation of federal land banks does not transform these entities into governmental agencies ... [T]he Court holds that the Federal Land Bank of Columbia is a private corporation without sufficient governmental involvement to support a cause of action under the federal due process clause of the Fifth Amendment.

At first glance, the decision in *Schlake v. Beatrice Production Credit Ass'n, supra,* would appear to call for a decision contrary to all of these other cases. That is, *Schlake* seems to suggest federal jurisdiction is present in the Eighth Circuit in this case. However, more careful examination of *Schlake*'s peculiar circumstances, in view of broader context of related statutes, cases and government policy, compels a finding consistent with the more recently decided cases.

In *Schlake,* the lawsuit had been fully tried in federal district court and appealed by the time the court's opinion was written. The court began its discussion of jurisdiction by saying, "The jurisdictional issue causes us considerable difficulty." 596 F.2d at 291. The court continued, at 291:

\* \* \* \* \* \*

> We are certain that the due process clause of the fifth amendment does not constitutionalize contract law. Nor does a constitutional violation committed when a governmental agency breaches a contract it has entered into in the commercial world.

\* \* \* \* \* \*

After discussion of jurisdiction based upon pervasive federal regulation, citing *Duke Power Co. v. Carolina Environmental Study Group, Inc.,* 438 U.S. 59, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978), the court noted the district court's extensive findings regarding pervasive involvement of the federal government in production credit associations (corporate siblings of land banks in the Farm Credit System.) The court then quoted 12 U.S.C. § 2098, wherein the associations are designated "instrumentalities of the United States." The brief analysis concluded, at 281, with a half-hearted nod toward finding jurisdiction:

> Under these circumstances we conclude that there may be a colorable basis for jurisdiction in this case. We, however, feel that neither the framers of the Constitution nor the people at the time of the adoption of the fourteenth amendment intended that the "due process clause" should serve to rationalize all actions sounding in tort or contract into federal cases.

The conclusion is further eroded by a footnote in that passage. The footnote says, in part, "The present case is similar to *Duke Power* also in that even with a finding of subject matter jurisdiction, plaintiff is factually not entitled to relief."

The court in *Birbeck, supra,* 606 F.Supp. at 1034 n. 1, suggested that the *Schlake* opinion contains serious doubt about federal jurisdiction, and that the court of appeals apparently found jurisdiction only to achieve final resolution of the case without forcing the parties to relitigate in state court. In *LPR Land, supra,* 651 F.Supp. at 291, the court quoted the footnote and said, "Similar to *Birbeck,* and contrary to *Schlake,* no judicial inefficiency will result if this case is dismissed at this time at the trial level...." In *LPR Land,* at 291, the court also challenged the *Schlake* court's reliance on pervasive federal regulation as a basis for jurisdiction. The court said:

> Insofar as *Schlake* predicates jurisdiction on the ground that land banks are pervasively regulated by the federal government, the position appears to be contrary to the landmark "state action" case of *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed. 2d 477 (1974). In *Jackson,* the Court explained that:
>
> > [T]he mere fact that a business is subject to state regulation does not by

itself convert its action into that of the State for purposes of [due process].... Nor does the fact that the regulation is extensive and detailed ... do so.

*Id.,* at 350, 95 S.Ct. at 453.

*See also, In re Hoag Ranches,* 846 F.2d 1225, 1228 (9th Cir.1988) (criticizing the *Schlake* finding that pervasive regulation created a colorable basis for federal jurisdiction.) As discussed above, *LPR Land* also refused to follow *Schlake* on the issue of whether a land bank is a federal agency such that federal jurisdiction would apply.

Even the Eighth Circuit Court of Appeals has treated *Schlake* as an aberration. In *Boyster v. Roden,* 628 F.2d 1121 (8th Cir. 1980), the district court had dismissed for lack of jurisdiction a complaint of breach of fiduciary duty by officers of a production credit association for failure to comply with federal statutes and regulations. The court specifically considered allegations of violations of 12 U.S.C. §§ 2001 *et seq.,* and 12 C.F.R. Part 600 *et seq.,* such as are present in this case. In affirming the dismissal, the court of appeals referred to *Schlake* only in passing, 628 F.2d at 1123–24, and chose not to follow it:

> There is a substantial federal interest in having credit available to farmers and ranchers, and this interest no doubt requires that the farmers and ranchers trust the officers and directors of production credit associations to meet the standards enumerated in 12 C.F.R. § 612.2110 and not to violate the prohibitions of 12 C.F.R. § 612.2160. Also, there is a "pervasive involvement of the federal government in the creation and operation of the production credit associations." *Schlake v. Beatrice Production Credit Ass'n,* 596 F.2d 278, 281 (8th Cir.1979). These truths, however, do not necessarily establish that the federal interest is of such a nature as to require that the fiduciary responsibilities of production credit association officers and directors be governed by a body of federal common law rather than state law.

The court concluded, at 1125, that the substantial federal interest in operating the Farm Credit System would not be impaired by applying state law to the plaintiffs' claims there. The court noted that plaintiffs there had failed to show specifically any conflict between some federal policy or interest and the use of state law, and failed to show that state law was inadequate to protect their rights. *See also, Spring Water Dairy v. Federal Intermediate Credit Bank of St. Paul,* 625 F.Supp. 713, 720 (D.Minn.1986), following *Boyster.*

### III. *Conclusion*

The civil action here, originally filed in Saline County Circuit Court, essentially concerns state law. As discussed above, merely intoning a Fifth Amendment deprivation is insufficient, standing alone, to confer federal-question jurisdiction. As also discussed above, the petition's references to federal statutes and regulations are insufficient, standing alone, to confer federal-question jurisdiction. The references to federal statutes and regulations are collateral to the claims and, standing alone, will not support a federal cause of action. *See, Spring Water Dairy, supra,* 625 F.Supp. at 718–19 (Farm Credit Act statutes do not imply or create a cause of action).

This action had proceeded in circuit court through various stages of litigation before plaintiffs filed their bankruptcy petition. There has been scarce, if any, activity in this adversary action in federal court. Notwithstanding pervasive federal regulation, and designation of land banks as federal instrumentalities, the defendant is primarily a private institution and a citizen of the state of Missouri. *See,* 12 U.S.C. § 2258. The claims of improper foreclosure and fraudulent conveyance are matters of state law disputed by citizens of the same state. This court of limited jurisdiction should not intrude into such matters absent an independent basis for jurisdiction.

It is

ORDERED that defendant's objection, filed January 26, 1989, to the Honorable Karen M. See's report and recommendation is overruled and defendant's requests are denied. It is further

ORDERED that the report and recommendation of the Honorable Karen M. See,

bankruptcy judge, issued January 13, 1989, is adopted. It is further

ORDERED that for lack of subject matter jurisdiction this matter is remanded to the Circuit Court for Saline County Missouri.