**George RAMSEY et al., on behalf of themselves and all others similarly situated,**

v.

**UNITED MINE WORKERS OF AMERICA et al.**

**Civ. A. No. 3667.**

United States District Court
E. D. Tennessee, S. D.

March 17, 1961.

**424**

Van Derveer, Brown & Siener, Chattanooga, Tenn., Sizer Chambliss, Chattanooga, Tenn., A. A. Kelly, Ables & Ables, South Pittsburg, Tenn., for plaintiffs.

Witt, Gaither, Abernathy, Caldwell & Wilson, Chattanooga, Tenn., Arnold, Fortas & Porter, Washington, D. C., for defendant West Kentucky Coal Co.

Charles J. McCarthy, Knoxville, Tenn., for defendant Tennessee Valley Authority.

Kramer, Dye, McNabb & Greenwood, Knoxville, Tenn., for defendant United Mine Workers of America.

Mitch & Bacon, Washington, D. C., Cunningham, Crutchfield & Summitt, Chattanooga, Tenn., for John L. Lewis, Henry G. Schmidt and Josephine Roche as Trustees of the United Mine Workers of America Welfare and Retirement Fund.

Spears, Moore, Rebman & Williams, Chattanooga, Tenn., Ron Mazzoli and Hayden Edwards, Louisville, Ky., for defendant Louisville & Nashville Railway.

DARR, Chief Judge.

The plaintiffs have a motion seeking a default judgment against the Tennessee Valley Authority on the ground that TVA has not answered the complaint within the twenty (20) days provided by Rule 12(a), Federal Rules of Civil Procedure, 28 U.S.C.A. The TVA contends that it is a government agency within the meaning of Rule 12(a) and has sixty (60) days within which to answer. The decision rests within an interpretation of that part of Rule 12(a) which provides:

> "The United States or an officer or agency thereof shall serve an answer to the complaint or to a crossclaim, or a reply to a counterclaim, within 60 days after the service upon the United States attorney of the pleading in which the claim is asserted."

The service of summons and complaint upon the TVA was as though it were a private enterprise and the request for a default judgment was more than 20 days thereafter but less than the 60 days permitted to answer if the TVA is a government agency.

An examination of authorities reveal that this question has not been determined and imports a difficult problem. Vol. 2, Moore's Federal Practice 2d Ed., pages 995, 996 and 997. Mr. Moore says very properly at page 996: "Determinations made in other situations and for other purposes are not controlling." It must be borne in mind that this is a settlement of a procedural question and has no bearing upon liability. Therefore, similar cases determining liability are not enlightening.

There can be no doubt that TVA is an agency of the United States. Title 16 U.S.C.A. §§ 831, 831r; Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688; Tennessee Electric Power Co. v. Tennessee Valley Authority, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543; Grant v. Tennessee Valley Authority, D.C.E.D.Tenn., 49 F

Supp. 564. Is it an agency within the meaning of the Federal Rules of Civil Procedure?

The practice has been of service being had on TVA in the manner provided for service on private corporations and yet TVA has taken 60 days to answer as though it were a goverment agency within the meaning of the Rules. This practice has not harmed anyone, but actually it is not within the purview of the procedure provided. If TVA is a government agency and entitled to 60 days to answer, the service must be had in accord with Rule 4(d) (5) whereby the United States is served as well as the corporation. An element of the service on the United States includes service on the United States attorney and the time for counting the 60 days under Rule 12(a) is "within 60 days after service upon the United States attorney * * *". If TVA is not an agency within the meaning of the Rules, then only 20 days is allowed for answer.

The government of the United States can perform its functions only through officers and agencies. The TVA is a wholly owned government corporation, managed by directors to be named by the President and approved by the Senate. The directors have authority to employ attorneys, define their duties and TVA may sue and be sued in its corporate name. In the TVA charter, it is provided that offenses against it shall be deemed the same as offenses against the United States and all the land acquired by it is in the name of the United States. Actually the TVA is the United States in action, "an arm of the government", and an agency performing wholly governmental service. TVA Charter, 16 U.S.C.A. § 831 et seq.

In fact the Congress has given to TVA a very free hand in performing the governmental services delegated to it, but this in nowise removes it from the control and supervision of constitutional authorities by whom TVA is made responsible to the people.

The President is required by the Constitution to execute the laws which include the TVA Act. The President being charged with executing the laws must protect the laws from wrongful invasion, and any attack on TVA constitutes an attack upon the law creating it. He executes and protects the laws through his legal staff, the Attorney General of the United States being the chief of staff and the local United States attorney being a member. It is right and proper that these officers should have notice of any suit instituted against TVA so they may know who is suing, what for and participate if thought necessary. It has been recognized that the President, through his legal staff, should participate in litigation in protection of this law. See Morgan v. Tennessee Valley Authority et al., 312 U.S. 701, 61 S.Ct. 806, 85 L.Ed. 1135; Tennessee Electric Power Co. v. Tennessee Valley Authority, supra; Ashwander v. Tennessee Valley Authority, supra, and others.

It is logical to decide that "agency" within the meaning of Rule 12(a) is an agency, corporate or otherwise, whose authority under congressional enactment is solely to perform governmental service as distinguished from an agency that is limited in performing governmental functions, such as a national bank. The TVA is an agency of the type intended by the Rules to be served with process in the manner required by Rule 4(d) (5) and is entitled to 60 days to answer under Rule 12(a).

Therefore, the motion for default judgment is denied.

As to whether the TVA, as a government agency, can waive personal jurisdiction and is in court in this manner may be determined by counsel or on application to the Court.

Order accordingly.