**THE WACKENHUT CORPORATION, Plaintiff**

v.

**GUAM MEMORIAL HOSPITAL AUTHORITY, Defendant**

Civil Case No. 511-78

Superior Court of Guam

March 27, 1979

WEEKS, *Judge*

### DECISION AND ORDER

This matter came before the Court on Plaintiff's Motion for Default. Roger Crouthamel appeared on behalf of the

plaintiff and Harry Boertzel appeared for defendant. The motion was heard before the Honorable Janet H. Weeks, and decision was reserved.

Plaintiff's motion for default judgment is premised on the failure of G.M.H.A. to answer the complaint within the twenty (20) days provided by Rule 12(a) of the Superior Court Rules of Civil Procedure. G.M.H.A. contends that it is a government agency within the meaning of Rule 12(a) and, therefore, has sixty (60) days within which to answer. The Court notes that the parties have proceeded with the action on the understanding that there has been no waiver.

Rule 12(a) was adopted from Rule 12(a) of the Federal Rules of Civil Procedure except that "the Government" appears in lieu of "the United States". Rule 12(a) of the Superior Court Rules of Civil procedure reads:

The Government or an officer or agency thereof shall serve an answer to the complaint, . . . within sixty (60) days after service upon the Government of the pleading in which the claim is asserted.

Federal interpretation of the term agency is therefore persuasive. The case of *Ramsey v. United Mine Workers*, 27 F.R.D. 423 (1961), is often cited as an authority. It states that:

It is logical to decide that "agency" within the meaning of Rule 12(a) is an agency, corporate or otherwise, whose authority under congressional enactment is solely to perform governmental service as distinguished from an agency that is limited in performing governmental functions, such as a national bank.

Statutorily, agency has been defined by 28 U.S.C.A. 451, as follows:

The term "agency" includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.

The Court finds that G.M.H.A. qualifies as an agency within the meaning of Rule 12(a). G.M.H.A. was established by Public Law 14–29, Government Code § 49002. In so creating G.M.H.A. the Legislature provided that:

There is within, and a public corporation and autonomous instrumentality of the government of Guam called the Guam Memorial Hospital Authority:

Section 49003(a) mandates G.M.H.A. to:

Maintain and operate a facility providing acute, chronic and all other health care services for the people of the Territory.

All powers vested in the hospital are exercised by a Board nominated and appointed by the Governor with the advice and consent of the Legislature. Furthermore, as an instrumentality of the Territory, the property and revenue of the hospital are exempt from taxation by the Territory. G.M.H.A. has sufficient characteristics of a governmental agency for purposes of Rule 12(a).

For the aforementioned reasons, plaintiff's Motion is DENIED.

SO ORDERED.