ORDER
 

 This motion raises the question whether a Production Credit Association is an agency of the United States for the purpose of extending the appeal period to 60 days under Fed.R.App.P. 4(a)(1). We find that it is not and dismiss the appeal for lack of jurisdiction.
 

 BACKGROUND
 

 Hoag Ranches appeals from the order of the Bankruptcy Appellate Panel (BAP) granting appellee, Stockton Production Credit Association (SPCA), relief from an automatic stay in Hoag Ranches’ bankruptcy proceeding. The BAP entered an order on June 15, 1987, in which it noted that filing a motion for rehearing under Bankruptcy Rule 8015 would not toll the time for appeal.
 
 [1]
 
 On June 24, 1987, Hoag
 
 *1227
 
 Ranches filed a motion for rehearing under Bankruptcy Rule 8015. The motion was denied on July 7, 1987. Hoag Ranches filed its notice of appeal to this court on July 22, 1987, thirty-seven days after the entry of the BAP’s order granting relief to SPCA.
 

 SPCA moves to dismiss the appeal for lack of jurisdiction because Hoag Ranches failed to file a notice of appeal within thirty days as required by Fed.R.App.P. 4(a)(1). Hoag Ranches opposes the motion on the grounds that it had 60 days in which to file a notice of appeal because SPCA is a federal agency within the meaning of Fed.R. App.P. 4(a)(1).
 

 DISCUSSION
 

 The term “agency” is not defined in the Federal Rules of Appellate Procedure, but it is defined in 28 U.S.C. § 451 to include “any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.” We find this definition useful in determining the meaning of agency as used in Rule 4(a)(1), with two caveats. First, § 451 does not “exclude from the definition of ‘agency’ that which is not specifically described.... [It] is not an all-embracing definition.”
 
 Acron Invs. Inc. v. Federal Sav. and Loan Ins. Corp.,
 
 363 F.2d 236, 239 (9th Cir.),
 
 cert. denied
 
 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966). Second, the purpose of allowing an additional 30 days for filing a notice of appeal when a government agency is a party is to provide sufficient time for routing the case to government officials who have responsibility for deciding whether or not to take an appeal.
 
 Wallace v. Chappell,
 
 637 F.2d 1345, 1347 (9th Cir.1981) (en banc). The term “agency” in Rule 4(a)(1) should be interpreted in light of this purpose.
 

 As a preliminary matter, we note that an organization does not become a government agency simply because it is federally chartered and regulated.
 
 Federal Land Bank v. Cotton,
 
 410 F.Supp. 169, 171 (N.D.Ga.1975). Nor is it dispositive that the organization is designated as a federal instrumentality, as Production Credit Agencies are under 12 U.S.C. § 2091. Many financial institutions are federally chartered and regulated and are considered federal instrumentalities, without attaining the status of government agencies within the meaning of federal procedural rules.
 
 See e.g., Federal Reserve Bank v. Metrocentre Improvement Dist. # 1,
 
 657 F.2d 183, 186 (8th Cir.1981), (national banks, federal land banks and other federally chartered financial institutions have been held to be instrumentalities of the federal government),
 
 aff'd,
 
 455 U.S. 995, 102 S.Ct. 1625, 71 L.Ed.2d 857 (1982);
 
 Federal Reserve Bank v. Comm’r. of Corps. &
 
 Taxation, 499 F.2d 60, 62 (1st Cir.1974) (federal savings and loan associations are federal instrumentalities);
 
 Ramsey v. United Mine Workers of America,
 
 27 F.R.D. 423, 425 (E.D.Tenn.1961) (distinguishing, for purposes of Fed.R.Civ.P. 12(a), national banks, which are limited in performing governmental functions, from other federally chartered entities whose authority is solely to perform governmental services.)
 

 Several courts have applied § 451 to determine when a party is an agency, either for the purpose of invoking jurisdiction under 28 U.S.C. § 1345 or to establish the time in which an answer must be filed under Fed.R.Civ.P. 12(a). Factors which have been considered in making this determination are: (1) the extent to which the alleged agency performs a governmental function; (2) the scope of government involvement in the organization’s management; (3) whether its operations are financed by the government; (4) whether persons other than the government have a proprietary interest in the alleged agency and whether the government’s interest is
 
 *1228
 
 merely custodial or incidental; (5) whether the organization is referred to as an agency in other statutes; and (6) whether the organization is treated as an arm of the government for other purposes, such as amenability to suit under the Federal Tort Claims Act.
 
 See Rauscher Pierce Refsnes, Inc. v. Federal Deposit Ins. Corp.,
 
 789 F.2d 313 (5th Cir.1986);
 
 Government Nat’l Mortgage Ass’n v. Terry,
 
 608 F.2d 614 (5th Cir.1979);
 
 Acron,
 
 363 F.2d 236;
 
 Cotton,
 
 410 F.Supp. 169.
 

 Production Credit Agencies (PCA’s) are part of the Farm Credit System, a farmer-owned cooperative system designed to accomplish the objective of improving the income and well-being of American farmers and ranchers by furnishing credit and related services to them and their cooperatives and to selected farm-related businesses. 12 U.S.C. § 2001.
 
 See also House Comm. on Agriculture, Farm Credit Act of 1971,
 
 H.R.Rep. No. 593, 92nd Cong. 1st Sess.,
 
 reprinted in 1971 U.S. Code Cong. & Admin. News
 
 2091. The role of PCA’s in the Farm Credit System is to make short and intermediate term loans to farmers and ranchers within a prescribed territory. Long-term mortgage loans on farm land are provided by Federal Land Banks, PCA counterparts in the Farm Credit System.
 
 1971 U.S. Code Cong, and Admin. News
 
 at 2096. PCA’s, land banks, and the other credit associations which are part of the system, are all subject to regulation by the Farm Credit Administration, an independent agency in the executive branch of the federal government. 12 U.S.C. §§ 2202, 2241.
 

 PCA’s are federally chartered corporations formed by ten or more farmers or ranchers who desire to borrow money under the provisions of the Farm Credit Act. 12 U.S.C. § 2091. The associations are designated by statute as instrumentalities of the United States,
 
 id.,
 
 but they are “privately organized, owned and operated corporations.”
 
 Smith v. Russellville Prod. Credit Ass’n,
 
 777 F.2d 1544, 1550 (11th Cir.1985). PCA’s have the power to sue and be sued, 12 U.S.C. § 2093, and for purposes of jurisdiction are deemed to be citizens of the state in which their principal office is located, 12 U.S.C. § 2258. They have the same access to federal district courts as private corporations.
 
 Senate Comm. on Agriculture and Forestry,
 
 S.Rep. No. 554, 94th Cong., 1st Sess.,
 
 reprinted in 1975 U.S. Code Cong, and Admin. News
 
 2148, 2150.
 

 Initially the PCA’s were largely capitalized by the government, but by 1968 all government capital had been retired and the associations were completely owned by their members.
 
 House Comm. on Agriculture, Farm Credit Amendments Act,
 
 H.R.Rep. No. 425, 99th Cong., 1st Sess.,
 
 reprinted in 1985 U.S. Code Cong, and Admin. News
 
 2587, 2591. In 1985, congress further reduced government involvement in PCA affairs by adopting the Farm Credit Amendments Act. The major purpose of the act was to establish the Farm Credit Administration as an arms length regulator of the Farm Credit System, which required a change in the basic powers, duties and authorities of that agency.
 
 1985 U.S. Code Cong. and Admin.News
 
 at 2589, 2615. Agency authority to supervise institutions within the system was withdrawn, and the Farm Credit Administration was removed from participation in day-today management of the system.
 
 Id.
 

 Considering the history and current status of PCA’s, we conclude that they are not government agencies within the meaning of Rule 4(a)(1). We recognize that some factors weigh in favor of finding agency status. PCA’s undoubtedly further a government interest in improving the well-being of American farmers and ranchers, and the government was extensively involved in their establishment. At one time it was also actively involved in supervising PCA activities.
 

 We also take note of decisions suggesting that PCA’s are, for some purposes, arms of the government. In
 
 Schlake v. Beatrice Prod. Credit Ass’n
 
 the court found that because of the government’s pervasive involvement in the creation and operation of PCA’s, PCA action was a colorable basis for jurisdiction in an action alleging a fifth amendment violation. 596 F.2d 278, 281 (8th Cir.1979). We ourselves
 
 *1229
 
 have found that PCA’s are immune from punitive damages based on their status as federal instrumentalities.
 
 In re Sparkman,
 
 703 F.2d 1097, 1101 (9th Cir.1983).
 

 However, since these cases were decided, the government has withdrawn from management of PCA operations and has taken additional steps to establish PCA’s as private entities. The role of the Farm Credit Administration has been changed from supervisor to arms-length regulator. PCA’s are now privately owned, organized and operated; the government has no proprietary interest. These changes suggest that PCA’s, as they now stand, are not government agencies.
 

 In addition, there are other factors which have always weighed against treating PCA’s as agencies. PCA’s are not referred to as agencies in either Title 12 or the legislative history, and they have no greater access to federal courts than do other private corporations. When they do go to court, they are represented by private, rather than government, counsel. Consequently, the concern with routing cases through government attorneys, which underlies the 60-day provision in Rule 4(a)(1), is not present when PCA’s are parties. Finally, Federal Land Banks, which are comparable to PCA’s in many ways, are not considered government agencies.
 
 Cotton,
 
 410 F.Supp. at 171.
 

 In conclusion, we find the balance tips toward treating PCA’s as private entities. Hoag Ranches had 30 days in which to file a notice of appeal, and it failed to do so. Because the time requirements in Rule 4(a) are mandatory and jurisdictional, we must dismiss the appeal.
 
 National Indus., Inc. v. Republic Nat. Life Ins. Co.,
 
 677 F.2d 1258, 1263 (9th Cir.1982).
 

 Hoag Ranches erroneously suggests that we can grant an extension of time for filing the notice of appeal under Rule 4(a)(5). We cannot enlarge the time for filing a notice of appeal. Fed.R.App.P. 26(b). Authority to grant extensions under Rule 4(a)(5) is limited to district courts, and extensions are granted only upon motion by one of the parties. No motion for an extension was filed in this case, and the time for filing has now expired. Consequently, we can neither grant an extension nor remand to the district court for a determination of whether an extension was warranted.
 
 Pettibone v. Cupp,
 
 666 F.2d 333 (9th Cir.1981). We must dismiss the appeal for lack of jurisdiction.
 

 The motion is GRANTED.
 

 [1]
 

 . Bankruptcy Rule 8015 was amended effective August 1, 1987, to provide that the time for appeal is tolled while a motion for rehearing is pending. The amendment governs all proceedings in bankruptcy cases commenced after the effective date, and all proceedings then pending, insofar as just and practicable.
 
 Communication from the Chief Justice of the United States Transmitting Amendments to the Federal Rules of Bankruptcy Procedure Prescribed by the Court Pursuant to 28 U.S.C. 2075,
 
 H.R.Doc. No. 54, 100th Cong., 1st Sess. 1 (1987). The amendment does not control the outcome of this motion. If the 30 day period for filing notice of appeal applies, then the time for appeal had expired and the proceeding was no longer pending on
 
 *1227
 
 August 1,1987. If the 60 day period applies, the amendment governs but does not change the outcome because the appeal was timely filed regardless of whether the time was tolled while Hoag Ranches’ motion for rehearing was pending.