**June 7, 1990**

180

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

ROMAN T. TUDELA, ) APPEAL NO. 90-011
as Administrator for the ) CIVIL ACTION NO. 89-230
Estate of Mariano C. Borja, )
 )
 Plaintiff/Appellant, )
 )
vs. )
 )
MARIANAS PUBLIC LAND ) ORDER OF DISMISSAL
CORPORATION, )
 )
 Defendant/Appellee. )
_____ )

 Argued May 17, 1990

 Counsel for Plaintiff/Appellant: Reynaldo Yana, Esq.
 P. O. Box 52
 Saipan, MP 96950

 Counsel for Defendant/Appellee: Mimi Buescher, Esq.
 P. O. Box 909
 Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, VILLAGOMEZ, Associate Justice,
 and BORJA, Associate Justice

PER CURIAM:

 The appellee, Marianas Public Land Corporation ("MPLC"), has

moved to dismiss this appeal for appellant's failure to timely (a)

file a notice of appeal and (b) order a transcript of the Superior

181

Court proceedings or certify that none was necessary.

Com.R.App.Pro. 4(a)(1) provides for a 30-day time limit for the filing of a notice of appeal with the Superior Court Clerk after the entry of the judgment or order appealed from. Com.R.App.Pro. 10(b)(1) requires an appellant to order a transcript of the Superior Court proceedings within 10 days after filing a notice of appeal, or to certify that no transcript is necessary.[1]

We find that the appellant, Roman T. Tudela ("Tudela"), failed to comply with Com.R.App.Pro. 4(a)(1). For the reasons hereafter stated, the motion is granted and the appeal is dismissed.

## I. PROCEDURAL HISTORY

Summary judgment in favor of MPLC was granted on February 16, 1990. A memorandum decision and order were docketed on that date by the Superior Court Clerk. Tudela's counsel, Ray Yana, contends that he mistakenly assumed that summary judgment was entered on February 22, the date he retrieved the memorandum decision from his box in the Clerk's office. He filed the notice of appeal on March 22. (We note that March 22 is 28 days after February 22, but 34 days after February 16.)

Yana and attorney Juan Lizama (who represented Tudela in another proceeding) declare that Lizama borrowed Yana's copy of the

---

[1]Because the appellant filed a waiver of a request for a transcript on March 27, five days after filing the notice of appeal, in substantial compliance with the rule ("[i]f no such parts of the proceedings are to be ordered, within the same period the appellant shall file a certificate to that effect") we find that this aspect of the motion to dismiss lacks merit.

memorandum decision on February 22, before Yana had a chance to fully read it, and that Lizama forgot to return the copy to Yana until March 21--accounting for Yana's ignorance of the actual filing date until that date. Yana and Lizama also declare that Yana did not receive a copy of the summary judgment order issued the same day as the memorandum decision.

In opposing the motion to dismiss the appeal, Tudela requests the Court to interpret Com.R.App.Pro. 4(a)(5) to permit the late filing of the notice of appeal.

## II. APPLICABLE PROCEDURAL RULES

Com.R.App.Pro. 4(a)(5) provides an exception to the 30-day time limit in Com.R.App.Pro. 4(a)(1):

> [t]he Superior Court, upon showing of good cause, may extend the time for filing a notice of appeal upon motion filed before the expiration of the time prescribed by this rule 4(a). Such motion may be ex parte unless the Superior Court otherwise requires. No such extension by the Superior Court may exceed 30 days.[2]

---

[2] We note that this language is significantly different from the counterpart federal rule, which provides:

> [t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

Fed.R.Civ.Pro. 4(a)(5) (emphasis added). Thus, under the federal rule, a prospective appellant effectively has 60 days after the

Com.R.Civ.Pro. 5(a) provides that "every order required by its term to be served" must be served upon the parties.

According to Com.R.Civ.Pro. 77(d):

> [i]mmediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 5 upon each party . . . and shall make a note in the docket of the mailing. Such mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these rules . . . Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the applicable rules of appellate procedure.[3]

Com.R.Prac. 6(a) provides that "in serving counsel with orders, judgments, notices or any other document by the Court or clerk, and if a box is maintained in the Clerk's office for the attorney, service is considered complete upon depositing the document in the respective attorney's box."

## III. ANALYSIS

### A.

We deem it appropriate to consult interpretation of counterpart federal rules in interpreting commonwealth procedural rules. Tenorio v. Superior Court, Orig. Action No. 89-002 (N.M.I. Mar. 19, 1990) (order imposing sanctions). The interpretation of such rules can be highly persuasive. Ellis v. Crockett, 451 P.2d 814 (Haw. 1969).

---

entry of judgment (the original 30 days plus a 30-day grace period) to request an extension.

[3]The "applicable rules of appellate procedure" language refers to Com.R.App.Pro. 4(a). See Fed.R.App.Pro. 77(d).

Under Fed.R.App.Pro. 4, the 30-day time limit in which to file notice of appeal in a civil case is mandatory and jurisdictional. Browder v. Director, Dept. of Corrections, 434 U.S. 257, 98 S.Ct. 556 (1978). According to Browder, "[t]he purpose of the rule is clear: It is 'to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands . . ..'" Id., 434 U.S. at 265, 98 S.Ct. at 561, quoting Matton Steamboat Co. v. Murphy, 319 U.S. 412, 415, 63 S.Ct. 1126, 1128 (1943).

Because Com.R.App.Pro. 4(a)(5) differs significantly from its federal counterpart, we need to closely examine the language of the rule.

As author of the Commonwealth Rules of Appellate Procedure, we have the authority to interpret the meaning sought to be conveyed. In doing so, however, we approach the rules as though they had been drafted by the legislature and give the words their ordinary meaning, reading the language as a whole, and seeking to give effect to all of it. State ex.rel. Schillberg v. Everett District Justice Ct., Snohomish County, 585 P.2d 1177 (Wa. 1977). In short, court rules are subject to the same principles of construction as statutes. Matter of McGlothen, 663 P.2d 1330 (Wa. 1983).

A basic principle of construction is that language must be given its plain meaning. When the language of a court rule is clear, we will not construe it contrary to its plain meaning. State v. Raper, 736 P.2d 680 (Wash. App. 1987). The plain meaning

of Com.R.App.Pro. 4(a)(5) is that no extension may be granted, even for "good cause," unless the extension is requested within the 30-day filing deadline. Tudela failed to meet this requirement.

### B.

Tudela's request for an extension--which came at the hearing on this motion--has been improperly raised in more than one respect. Apart from its untimeliness, Tudela should have submitted a motion requesting an extension to the Superior Court.

The Superior Court may, upon a showing of good cause, extend the time for filing a notice of appeal upon a motion[4] filed not later than 30 days after the entry of the judgment or order appealed from. Com.R.App.Pro. 4(a)(5). A motion for an extension of time for filing a notice of appeal must be directed to the Superior Court--it cannot be directed to the Supreme Court. Id.; see also In Re Hoag Ranches, 846 F.2d 1225 (9th Cir. 1988).

If no motion for an extension is filed in the Superior Court and the time for filing has expired, the Supreme Court cannot grant an extension nor remand to the Superior Court for a determination of whether an extension was warranted. In Re Hoag Ranches, supra.

---

[4]Extensions are granted only upon motion by one of the parties. See In Re Hoag Ranches, 846 F.2d 1225 (9th Cir. 1988); Brooks v. Britton, 669 F.2d 665 (11th Cir. 1982). The motion must be in writing unless made during a hearing, must state with particularity the grounds for the extension, and must give adequate notice. Com.R.Civ.Pro. 7(b). The Superior Court may not entertain such a motion after the deadline has expired. See Berndt v. Stinson, 562 F.Supp. 28 (E.D. Tenn. 1982), appeal dismissed 708 F.2d 721.

Com.R.App.Pro. 26(b).[5]

C.

 At oral argument, the suggestion was made that Com.R.App.Pro. 2[6] may be construed to permit suspension of the 30-day time limit. We find no merit to this suggestion. Com.R.App.Pro. 2 does not empower this Court to excuse an appellant's failure to satisfy the requirement of Com.R.App.Pro. 4(a)(1). See Torres v. Oakland Scavenger Co., 487 U.S. ---, 108 S.Ct. 2405 (1988); Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683 (4th Cir. 1978). Indeed, Com.R.App.Pro. 26(b) forbids us from extending the time for filing a notice of appeal.

 The appellant also suggests that the merits of the appeal should be considered in reviewing the request for the extension. This is likewise improper. As noted above, the 30-day time limit is mandatory and jurisdictional. Browder, supra.

D.

Even accepting Yana's claim that the Superior Court Clerk failed to provide him with notice of the summary judgment order, this fact would not, by itself, authorize the Superior Court to grant an extension.

---

[5]This rule provides that this Court may, upon motion and for good cause, provide extensions for doing any act, "but the [C]ourt may not enlarge the time for filing a notice of appeal."

[6]"In the interest of justice, or to expedite a decision, or for other good cause shown, this Court may suspend the requirements or provisions of any of these rules in a particular case, on application of a party or on its own motion, and may order proceedings in accordance with its direction."

The last sentence in Com.R.Civ.Pro. 77(d)[7] is similar to the last sentence in Fed.R.Civ.Pro. 77(d). The Advisory Committee Note to the predecessor of the current federal rule sheds light upon this language:

> lack of such notification in itself has no effect upon the time for appeal; but in considering an application for extension of time for appeal as provided in Rule 73(a) [now Federal Appellate Rule 4(a)], the court may take into account, as one of the factors affecting its decision, whether the clerk failed to give notice as provided in Rule 77(d) or the party failed to receive the clerk's notice. It need not, however, extend the time for appeal merely because the clerk's notice was not sent or received. It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment.

Advisory Committee Note to the 1946 amendment of Rule 77(d), 5 F.R.D. 433, 492 (1946).

In circumstances somewhat similar to those in this case, where an attorney received a copy of the summary judgment memorandum opinion and accompanying order but did not receive notice of the entry of final judgment from the district court clerk, a district court's order granting an extension was reversed. Fase v. Seafarers Welfare & Pension Plan, 574 F.2d 72 (2d Cir. 1978). The Fase court ruled that the memorandum opinion and order "should have been sufficient to alert the [appellant] as to the deadline for filing the notice of appeal." Id., 574 F.2d at 77. The same reasoning applies to this case.

---

[7]"Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in the applicable rules of appellate procedure."

188

E.

 Yana's reliance on Lizama to return the memorandum opinion was inexcusable. Com.R.Cív.Pro. 77(d) charges a prospective appellant with the duty of following the progress of the case and of advising himself when a final judgment or order is actually entered by a court. This duty cannot be delegated to an attorney's office staff. See Tucker v. Commonwealth Land Title Ins. Co., 800 F.2d 1054 (11th Cir. 1986); Kings Professional Basketball Club, Inc. v. Green, 597 F.Supp. 350 (W.D.Mo. 1984). A fortiori, this duty may not be delegated to an attorney who is not even associated with the appellant's counsel.

The appeal is DISMISSED.

Entered this _____7th.____ day of June, 1990.

_____
Jose S. Dela Cruz, Chief Justice

_____
Ramon G. Villagomez, Associate Justice

_____
Jesus C. Borja, Associate Justice