Mildred Louise BLAS, as Personal Representative of the Estate of John Marvin Blas, on her own behalf, and as Guardian for the Minor, Marvin John Borja, Plaintiff–Appellant,

v.

GOVERNMENT OF GUAM; Jose T. Charfauros, Individually and as Director of the Department of Corrections; Fredrick B. Quinene, Individually and as Deputy Director of the Department of Corrections; Vicente Castro, Individually and as Superintendent of the Department of Corrections, Government of Guam, Defendants–Appellees.

No. 90–16048.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1991.

Decided July 31, 1991.

Gary W.F. Gumataotao, Law Office of Del Priore & Gumataotao, Agana, Guam, for plaintiff-appellant.

Kenneth D. Orcutt, Asst. Atty. Gen., Agana, Guam, for defendants-appellees.

Before SCHROEDER, FLETCHER and FERGUSON, Circuit Judges.

SCHROEDER, Circuit Judge:

Mildred Louise Blas appeals from a decision of the Appellate Division of the District Court of Guam affirming the Guam Superior Court's determination that her complaint was barred by the statute of limitations. The underlying suit was a wrongful death action against the government of Guam and various individual corrections officers, based upon the death of her son in a Guam prison. *See* Guam Government Code §§ 6500.00–.07. The dispositive issue here is whether the appeal is untimely because it was not filed within the 30–day period provided in Fed.R.App.P. 4(a)(1). Blas maintains that she is entitled to the 60–day period provided in that Rule for cases in which the United States or one of its agencies is a party. The issue before

us is whether the government of Guam is an agency of the United States within the meaning of that Rule.[1]

■ This court has not previously decided whether Guam is a federal agency for purposes of Rule 4(a)(1). We have recognized that Guam should be viewed as a federal instrumentality for some purposes. *See Ngiraingas v. Sanchez,* 858 F.2d 1368, 1370 (9th Cir.1988), *aff'd,* 495 U.S. 182, 110 S.Ct. 1737, 109 L.Ed.2d 163 (1990); *Sakamoto v. Duty Free Shoppers, Ltd.,* 764 F.2d 1285, 1286 (9th Cir.1985), *cert. denied,* 475 U.S. 1081, 106 S.Ct. 1457, 89 L.Ed.2d 715 (1986). Nevertheless, the court has also recognized that the designation of an organization as a federal instrumentality is not dispositive as to whether the organization is a federal agency for purposes of Rule 4(a)(1). *Hoag Ranches v. Stockton Prod. Credit Ass'n (In re Hoag Ranches),* 846 F.2d 1225, 1227–28 (9th Cir.1988).

The relevant analysis is provided by our decision in *Diaz v. Trust Territory of the Pacific Islands,* 876 F.2d 1401, 1404–05 (9th Cir.1989). There, we considered whether the government of the Trust Territory of the Mariana Islands was a federal agency for purposes of the same provision. In *Diaz,* we considered six factors to be relevant: (1) the extent to which the entity at issue performed a governmental function; (2) the scope of the federal government's involvement in the management of that entity; (3) whether the entity's operations were financed by the federal government; (4) proprietary interests of persons other than the federal government; (5) whether the entity is treated as an arm of the federal government in federal statutes; and (6) whether the entity is treated as an arm of the federal government under the Federal Tort Claims Act. *Id.* We concluded that the Trust Territory was an agency of the United States because it performed a governmental function, its executive officer was appointed by the President with the advice and consent of the Senate, its operations were largely funded by the United States Treasury, and its litigation decision making processes included the United States government. *Id.* at 1405.

■ Consideration of these factors in this case compels the opposite conclusion. Although the government of Guam, like that of the Trust Territory, performs the governmental function of administration of an unincorporated territory, its executive, unlike that of the Trust Territory, is elected by its own citizens. *See* 48 U.S.C. §§ 1422, 1422a. Guam collects a territorial income tax to finance itself. *See* 48 U.S.C. §§ 1421h, 1421i. It is included under the definition of "state" in several federal statutes, and is thus not treated like an arm of the federal government in that respect. *See, e.g.,* 42 U.S.C. §§ 1301, 8802. Finally, Guam asserts, and Blas does not dispute, that there is no federal involvement in its litigation decision making processes. Thus, each factor that supported our decision to treat the Trust Territory as a federal agency weighs against according such treatment to Guam.

For these reasons, we conclude that Guam is not an agency of the federal government for purposes of the 60–day time limit on appeals in suits involving such agencies under Rule 4(a). The appeal in this case was therefore untimely and must be DISMISSED.

IT IS SO ORDERED.

1. The Rule provides:
   (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry. If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the district court and it shall be deemed filed in the district court on the date so noted.