The **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of the Somersworth Bank, Plaintiff,**

v.

**Francis P. DAUGHAN and Gary H. Reiner, Defendants.**

**Civ. No. 92–273–P–C.**

United States District Court,
D. Maine.

Dec. 10, 1992.

**598**

Edgar Catlin, Eaton, Peabody, Bradford & Veague, Brunswick, Me., for F.D.I.C.

Gary Reiner, pro se.

Gerald Petrucelli, Petrucelli, Cox & Martin, Portland, Me., for Daughan.

---

## ORDER ON DEFENDANTS' MOTIONS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AND TO STRIKE PLAINTIFF'S ANSWER TO COUNTERCLAIM

GENE CARTER, Chief Judge.

This matter is before the Court on Defendant Daughan's Motion for Entry of Default and Default Judgment (Docket No. 33) and Motion to Strike Plaintiff's Answer to the Counterclaim (Docket No. 35), filed on November 18 and 19, 1992. A similar motion is pending on behalf of Defendant Reiner (Docket No. 38), filed on November 19, 1992. The motions have been responded to by Plaintiff (Docket Nos. 40 and 41).

The moving parties' position on the subject motions is that Plaintiff's replies to the counterclaims of Defendants are untimely filed because not filed within the twenty-day period after service of the respective counterclaim upon opposing counsel. Plaintiff responds thereto, asserting that the Plaintiff, FDIC,

> [a]s an agent of the United States government, *see* 12 U.S.C. sections 1812 *et seq.*, the FDIC may file responses to any counterclaims asserted against it within sixty days from date of service. *See* Fed.R.Civ.P. 12(a), (b)(2).

Plaintiff's Memorandum of Law (Docket No. 41) at 1.[1] The moving parties counter, contending that there is no authority for the proposition that the Federal Deposit Insurance Corporation is an "agency" of the United States within the purview of the rule; and further that the default, in any event, occurred prior to the removal of the case to this Court and was complete before the pertinent provision of Federal Rule 12 came to bear upon the case. Further, movants point out that there is not, under the parallel Maine Rule of Civil Procedure, which would govern the issue during the pendency of the matter in the state court, any provision for an enlarged period of time for a federal agency to respond to a pleading.

After full review of the written submissions hereon, the within motion is hereby *DENIED*, the Court *CONCLUDING* that the Federal Deposit Insurance Corporation is an "agency" of the United States within the purview of Federal Rule of Civil Procedure 12(a) and, as such, is entitled to the sixty (60) day response period. *Rauscher Pierce Refsnes, Inc. v. Federal Deposit Insurance Corporation,* 789 F.2d 313, 316 (5th Cir.1986); *see Ramsey v. United Mine Workers of America,* 27 F.R.D. 423 (E.D.Tenn.1961); *see also Godwin v. Federal Savings and Loan Insurance Corp.,* 806 F.2d 1290 (5th Cir.1987), and *Acron Investments, Inc. v. Federal Savings and Loan Insurance Corp.,* 363 F.2d 236, 239 (9th Cir.), *cert. denied,* 385 U.S. 970, 87 S.Ct. 506, 17 L.Ed.2d 434 (1966) (both hold-

---

1. The Court notes that the latter citation to the Federal Rules of Civil Procedure is technically erroneous. The pertinent provision of Federal Rule of Civil Procedure 12(a) reads:

    The United States or an officer or agency thereof shall serve an answer to the complaint or to a cross-claim, or a reply to a counter-claim, within 60 days after the service upon the United States attorney of the pleading in which the claim is asserted.

ing FSLIC is an "agency" within Federal Rule of Civil Procedure 12(a)). The Court *CONCLUDES*[2] that once this case was removed to this Court, the provisions of the Federal Rules of Civil Procedure governed the timeliness of filing of the reply to Defendants' counterclaims and *FINDS* that FDIC's Reply to each counterclaim was timely filed.

So ORDERED.

---

**2.** The Court rejects the Defendant's argument that a lapse of time prescribed by the state rule for filing of a reply to the counterclaim while the matter was pending in the state court should at this late juncture be a basis to impose the default now sought by the moving parties. The Court can see no secure advantage to be obtained by anyone by imposing a default when the moving parties have delayed so long in seeking redress for the length of time that elapsed in the state court and when, in fact, the state court has not judicially determined that a default has occurred. Such a result would be an exercise in inanity, in the view of this Court, since upon the filing of a motion for relief from such a default under Rule 60(b), governing authorities would clearly require the striking of a default entered on such a predicate.