12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James Robert BURCHARD; June P. Burchard, Plaintiffs-Appellants,
v.
H. Lawrence GARRETT, III, Secretary, Department of Navy,
Defendant-Appellee.
 No. 93-35425.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Robert Burchard and June P. Burchard (the Burchards) appeal pro se the district court's summary judgment for the Secretary of the Department of the Navy in their action under Title VII, 42 U.S.C. Sec. 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq. The government contends we lack jurisdiction because the notice of appeal is untimely. We agree and dismiss the appeal.
 
 
 3
 A timely notice of appeal is mandatory and jurisdictional. Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 386 (9th Cir.1988). "Under Fed.R.App.P. 4(a)(1), in a matter where the United States is a party, a notice of appeal must be filed within sixty days after the date of the order which is being appealed." United States v. Nutri-Cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). The district court may extend the time for filing a notice of appeal if a party (1) moves for an extension of time no later than thirty days after the expiration of the original appeal period, and (2) makes a sufficient showing of good cause or excusable neglect for not meeting the original deadline. Fed.R.App.P. 4(a)(5); Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir.1988). Where the appellant fails to seek an extension of time in the district court, we lack the authority to either grant an extension or remand to the district court for a determination regarding whether an extension was warranted. Hoag Ranches v. Stockton Production Credit Assoc., 846 F.2d 1225, 1229 (9th Cir.1988) (order).
 
 
 4
 Here, the district court's judgment was entered on February 22, 1993. Therefore, the Burchards were required to file a notice of appeal by April 21, 1993. See Fed.R.App.P. 4(a)(1); Nutri-Cology, Inc., 982 F.2d at 396. The Burchards, however, did not file a notice of appeal until April 26, 1993. Although the Burchards' notice of appeal was not filed within the sixty-day time limit, they appear to argue that it was timely because they originally sent it by certified mail to this court on March 12, 1993. Apparently they sent the notice of appeal to the wrong address and discovered on April 12, 1993 that it had not been received by this court or the district court. Subsequently, the Burchards mailed another notice of appeal to the district court which was received five days after the filing deadline.
 
 
 5
 Regardless of the alleged factual circumstances, because the Burchards failed to file a notice of appeal within the initial sixty-day period set forth in rule 4(a)(1) and failed to file a motion requesting an extension of time within the thirty-day grace period set forth in rule 4(a)(5), we dismiss the appeal for lack of jurisdiction. See Malone, 850 F.2d at 572-74; In re Hoag Ranches, 846 F.2d at 1229.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3