15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Monika BHUSHAN; Jennifer Contreras-Danner; Craig Croteau;
Laura Nicodemus Eugene Perez; Christobal Silva;
Althea Yronwode, Plaintiffs-Appellants,
v.
CITY OF BERKELEY; City of Berkeley Police Department;
University Students Co-Operative Association;
George Proper; Phoenix Operations,
Defendants-Appellees.
 No. 92-16898.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 11, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monika Bhushan and various individuals (collectively "Bushan") appeal the district court's summary judgment in favor of the City of Berkeley (City) in Bushan's 42 U.S.C. Sec. 1983 action alleging violations of their civil rights. The City contends that we lack jurisdiction because Bhushan's notice of appeal is untimely. We agree and dismiss the appeal.
 
 
 3
 A timely notice of appeal is mandatory and jurisdictional. Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 386 (9th Cir.1988). In a civil case, a notice of appeal must be filed within thirty days "after the date of entry of the judgment or order appealed from...." Fed.R.App.P. 4(a)(1). The district court may extend the time for filing a notice of appeal if a party (1) moves for an extension of time no later than thirty days after the expiration of the original appeal period, and (2) makes a sufficient showing of good cause or excusable neglect for not meeting the original deadline. Fed.R.App.P. 4(a)(5); Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir.1988). Where the appellant fails to seek an extension of time in the district court, we lack the authority to either grant an extension or remand to the district court for a determination regarding whether an extension was warranted. Hoag Ranches v. Stockton Production Credit Assoc., 846 F.2d 1225, 1229 (9th Cir.1988) (order).
 
 
 4
 Here, the district court's judgment was entered on September 30, 1992. Bhushan did not file a notice of appeal until November 5, 1992, beyond the thirty-day limit prescribed by Rule 4(a)(1). Bhushan also did not file a motion to extend the appellate filing deadline as set forth in Rule 4(a)(5).
 
 
 5
 Because Bhushan neither filed a timely notice of appeal nor a motion requesting an extension of time, we dismiss the appeal for lack of jurisdiction. See Malone, 850 F.2d at 572-74; In re Hoag Ranches, 846 F.2d at 1229.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the appellants' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3