**Ruby HELM, Plaintiff–Appellant,**

v.

**RESOLUTION TRUST CORPORATION, as receiver for Great American Savings of Oak Brook, Defendant–Appellee.**

No. 93–3880.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 17, 1994.

Decided March 8, 1994.

---

Cygal J. Everett, Edward R. Vrdolyak, Ltd., Chicago, IL, for plaintiff-appellant.

Arthur F. Radke, Martin B. Carroll, Hefter & Radke, Chicago, IL, for defendant-appellee.

Before CUMMINGS, COFFEY, and EASTERBROOK, Circuit Judges.

PER CURIAM.

Is the Resolution Trust Corporation an "agency" of the United States for the purpose of Fed.R.App.P. 4(a)(1)? Unless it is, the appeal, filed more than 30 (but fewer than 60) days after the entry of judgment in the district court, must be dismissed.

Rule 4 does not define "agency." A definitional provision applicable to all of Title 28 of the United States Code reads:

The term "agency" includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.

28 U.S.C. § 451. Because the Rules of Appellate Procedure address questions of jurisdiction and judicial administration closely related to the subject of Title 28, this definition is equally applicable to the Rules. One court of appeals suggested in *In re Hoag Ranches,* 846 F.2d 1225, 1227 (9th Cir.1988), that the definition in § 451 should be expanded in some cases and contracted in others in response to the perceived "purpose" of Rule 4(a)(1) to provide additional time for consultation among public officials who must decide whether to ask the Solicitor General's approval to take an appeal. Although the court did not suggest a source of authority for ad hoc modifications—or discuss the fact that Rule 4(a)(1) affords the 60 day period to private litigants when an agency is a party to the case—it must have had in mind the language that "the context [may show] that such term was intended to be used in a more limited sense." Context clauses offer some, albeit quite limited, scope for reconciling tension among different statutory provisions. They do not, however, authorize judges to give effect to extra-statutory goals; the "context" refers to the linguistic context. *Rowland v. California Men's Colony,* —— U.S. ——, ——, 113 S.Ct. 716, 720, 121 L.Ed.2d 656 (1993). See also *Schiavone v. Fortune,* 477 U.S. 21, 30–31, 106 S.Ct. 2379, 2384–85, 91 L.Ed.2d 18 (1986); *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 315–17, 108 S.Ct. 2405, 2407–08, 101 L.Ed.2d 285 (1988). Nothing in Rule 4 suggests a special understanding of "agency" or implies that the statutory definition is unsuitable. Jurisdictional rules should be as clear and mechanical as possible. "The time of appealability, having jurisdictional consequences, should above all be clear." *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 202, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988). We therefore shall stick with § 451, without modifications.

The Resolution Trust Corporation is a "corporation in which the United States has a proprietary interest". Although Congress did not fund the RTC with public monies, see 12 U.S.C. § 1441a(b)(2), it conducts business at the behest and for the account of the national government and is "an instrumentality of the United States." 12 U.S.C. § 1441a(b)(1)(A). Indeed, the RTC is for most purposes an "agency" independent of its status as a public corporation:

> The Corporation shall be deemed to be an agency of the United States for purposes of subchapter II of chapter 5 and chapter 7 of Title 5 when it is acting as a corporation. The Corporation, when it is acting as a conservator or receiver of an insured depository institution, shall be deemed to be an agency of the United States to the same extent as the Federal Deposit Insurance Corporation when it is acting as a conservator or receiver of an insured depository institution.

12 U.S.C. § 1441a(b)(1)(B). The RTC participates in this case in its capacity as receiver of a failed bank, so it is an agency to the same extent as the FDIC would be. Although we have encountered difficulty in deciding whether particular federal banking institutions are "agencies" for purposes such as suit under the Federal Tort Claims Act, see *Mendrala v. Crown Mortgage Co.*, 955 F.2d 1132, 1134–39 (7th Cir.1992), there is no difficulty at all in concluding that the FDIC as receiver is an "agency" for purposes of § 451 and Rule 4(a)(1). *Diaz v. McAllen State Bank*, 975 F.2d 1145, 1147 (5th Cir.1992). The RTC accordingly is an "agency" when acting as a receiver, and the appeal in this case is timely. The court will set a briefing schedule.